————o————

JOHN J. O'FALLON, Respondent, *vs.* DAVID NICHOLSON, Appellant.

1. *Lease—Release from "further" liability—The meaning of word "further."*— A release by a lessor of his lessee from "further" liability under his lease is not a release from liability for taxes already accrued and which by the terms of the lease, the lessee had assumed to pay. The word "further" as there used means "future."

*Appeal from St. Louis Circuit Court.*

*G. P. Strong*, for Appellant.

*Bakewell & Farish*, for Respondent.

ADAMS, Judge, delivered the opinion of the court.

This was an action brought by the plaintiff as heir of John O'Fallon, deceased, on the covenants of a lease which the deceased had made to the defendant of a lot of ground in the city of St. Louis. By the terms of the lease the defendant covenanted to pay all the taxes as part of the rent, and if he failed to do so, the landlord reserved the right to pay the taxes, and to recover them back from the lessee. The lease had more then twenty years to run. After the death of the plaintiff's ancestor, the defendant made default in payment of the taxes for 1869, and the plaintiff paid them and brought this

suit on the covenant in the lease to recover them back.  The taxes so paid amounted to between six and eight hundred dollars.  There were several other heirs of John O'Fallon, but this land had, by a partition between them, been assigned to the plaintiff.  The defense relied on by defendant was that in 1870, he had assigned his lease to Benjamin O'Fallon, and that the plaintiff assented to this assignment by becoming a party thereto, and by the terms of such assignment the defendant was released by the plaintiff from the payment of these taxes.

The only question presented for our consideration is, whether such a release was embraced within the terms of the assignment.  In deciding this point it is only necessary to refer to such portions of the assignment as bear upon the question. The assignment is in the shape of an indenture between the defendant and his wife, of the first part, and the plaintiff of the second part, whereby, in consideration of seven thousand five hundred dollars paid by the party of the second part, the parties of the first part assign to the party of the second part the leasehold, &c.  In a subsequent part of the indenture it is provided, that "the party of the second part for and in consideration of the said assignment doth for himself and heirs, representatives and assigns, covenant to, and with, the said David Nicholson, his heirs and legal representatives, that he, the said party of the second part will, well and truly keep and perform all and singular the conditions and covenants in said lease contained, and thereby agreed to be kept or performed by said Nicholson, as lessee thereunder; that he will pay all rents, taxes and assessments therein reserved, which shall accrue or become due or payable after the date hereof; and that he will in all things whatsoever save and keep harmless and indemnified him the said David Nicholson, his heirs and representatives from and against any and all loss, costs, payment or expense whatever, which by reason of anything in said lease contained, shall, or may to him or them hereafter, in any wise accrue, and from and against any claim or demand against him or them, by reason of any liability under said

lease, hereafter to accrue to any person claiming under said lessor. And whereas, it is provided by said original lease, that said lessee therein named, to-wit: the said David Nicholson, party of the first part herein, shall not assign said lease until certain new buildings therein provided for, shall have been erected, except by the written consent of said John O'Fallon, lessor therein, now deceased, his heirs or legal representatives; and whereas, the said John O'Fallon having died intestate in the year 1865, leaving as his heirs at law the following named persons now living, to-wit: Caroline O'Fallon Pope, daughter of said John O'Fallon, wife of Charles A. Pope, James J. O'Fallon, Benjamin O'Fallon, (party of the second part herein,) John J. O'Fallon and Henry A. O'Fallon sons of said John O'Fallon, deceased, and Caroline O'Fallon widow of said John O'Fallon, deceased: Now therefore, these presents further witness, that in consideration of the said assignment above set forth, and of certain other valuable considerations them thereunto moving, they, the said Caroline O'Fallon, Charles A. Pope and Caroline O'Fallon Pope, his wife, James J. O'Fallon, Benjamin O'Fallon, John J. O'Fallon, and Henry A. O'Fallon, (by his guardian duly appointed and qualified) do hereby consent to the assignment hereinbefore set forth, and do hereby severally release the said David Nicholson from further liability under the covenants of said original lease, and accept the party of the second part in his stead under the foregoing covenants."

The breach of the covenant in the original lease to pay the taxes had already accrued before this indenture of assignment was executed, and it is upon this breach that this suit was predicated. The question for us to decide is whether the plaintiff, by joining in this assigment for the purpose of giving his consent thereto, and accepting Benjamin O'Fallon as the lessee, and as the party alone to be held for future breaches of the covenants of the lease, intended by the language used, to give away six or eight hundred dollars to the defendant.

It is very clear from the terms above quoted, that Benjamin O'Fallon was only to be held for future breaches of the cove-

nants of the lease. It is also equally clear, that the heirs intended to accept him instead of the defendant for future breaches of the covenants in the lease. Then what was meant by the words "that they released the defendant from further liability under the covenants of the lease?" It is manifest to my mind that they intended to release him not from breaches of the covenants that had already accrued, but from any further breaches that might thereafter happen. The word "further" in the connection in which it is used, means "future." There seems to be no room to doubt, that from the whole tenor of the language quoted, the parties contemplated future, and not existing breaches of the covenants, from which the defendant was to be released.

Let the judgment be affirmed. All the judges concur.